OPINION OF THE COURT
Ned Kopald, J.
Defendants, by their attorneys, upon motion to this court seek, pursuant to CPL 170.56 and 160.50, an order nunc pro tunc, as of August 30, 1978, the date the relevant accusatory instruments charging each defendant with unlawful possession of marihuana in violation of section 221.05 of the Penal *296 Law of the State of New York were dismissed by this court. The proposed order seeks to direct all official records and papers relating to the defendants’ arrest and prosecution, whether on file with this court, a police agency, or the New York State Division of Criminal Justice Service be sealed and directing each and every police officer of the Village of Highland Falls Police Department, the Military Police Detachment at the United States Military Academy at West Point, New York, the officers of the Criminal Investigation Division of West Point, New York, and any other police agency involved in defendants’ arrest or prosecution, to refrain under penalty of contempt of this court from testifying or otherwise providing information or evidence against the defendants or either of them at any administrative hearing convened or to be convened against the former defendants or either of them by the Corps of Cadets at the United States Military Academy, the United States Military Academy, the Department of the Army or any other Federal agency which may seek to bring disciplinary proceedings against the former defendants or either of them on account of their actions which formed the basis of the charges previously brought against them in this court and subsequently dismissed on August 30, 1978, pursuant to CPL 170.56 (subd 3).
In dealing with this motion the court must of necessity make reference to CPL 170.56, 160.50 and 160.60.
The charges contained in said accusatory instruments against the two defendants were dismissed in the interest of justice on the motion of the District Attorney joined in by the defendants’ attorney on August 30, 1978, pursuant to CPL 170.56 (subd 1). CPL 170.56 (subd 3) clearly and forcefully mandates upon the court that upon or after dismissal of such charges against a defendant not previously convicted of a crime the court shall order that all official records and papers, relating to the defendants’ arrest and prosecution, whether on file with the court, a police agency, or the New York State Division of Criminal Justice Services be sealed and not made available to any person or public or private agency; except by such other further order as is set forth in the relevent sections not here pertinent. In addition, CPL 170.56 (subd 4) clearly states that upon granting an order pursuant to CPL 170.56 (subd 3), "the arrest and prosecution shall be deemed a nullity and the defendants] shall be restored, in contemplation of *297 law, to the status [they] occupied before [their] arrest and prosecution.”
CPL 160.60 clearly states: "Upon the determination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of section 160.50 of this chapter, the arrest ánd prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution. The arrest or prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling. Except where specifically required or permitted by statute or upon specific authorization of a superior court, no such person shall be required to divulge information pertaining to the arrest or prosecution.”
It is therefore clear that the defendants’ records pertaining to the arrest and the charges contained in the accusatory instruments mentioned herein including photographs, palm prints, finger prints, official records and papers and as is set forth in CPL 160.50 (subd 1, par [c]) "all official records and papers, including judgments and orders of a court” must be and hereby are sealed and not made available to any person or public or private agency.
With regard to the relief requested by said defendants seeking to having this court order certain denominated police agencies, including all police agencies involved in defendants’ arrest and/or prosecution refrain under penalty of contempt from testifying or otherwise providing information or evidence against the defendants at any contemplated hearing, the court finds that there is no specific provision authorizing this court to prohibit police officers or other agencies from "testifying”. However, it is clear that the clear and express intent of CPL 160.60 is that the arrest and prosecution, and obviously the events giving rise to the arrest and prosecution, shall not operate as a disqualification of any person, here the former defendants, to pursue or engage in any lawful activity, occupation, profession or calling, thus indicating that said former defendants here shall not be disqualified from such activities. If the police or prosecution personnel choose to make themselves available to testify it is clear that they may not use any official records and papers or copies thereof, the same being sealed by this court. To use any such records or papers would *298 place any agency or official in violation of a court order and thus make them a law breaker.
The officials of the United States Military Academy and Federal Government, who here submitted affidavits on this motion, and who therefore have submitted to the jurisdiction of this court should be mindful of the "clear intent of CPL 160.60 expressed herein. It is also clear that the intention of the relevant statutes is that records of former defendants in similar circumstances whose records are kept by the Federal Government, including the F.B.I., are intended to be returned and purged from said files upon notification of proper court order.