IN THE MATTER OF THE APPLICATION OF MARIO E. JASCALEVICH, M.D., FOR EXPUNGEMENT OF ALL RECORDS PURSUANT TO *N. J. S. A.* 2A:85–15 *ET SEQ.*

F. RONALD BIGGS, SUBSTITUTED ADMINISTRATOR *C.T.A.* OF THE LAST WILL AND TESTAMENT OF FRANK S. BIGGS, DECEASED, PLAINTIFF-RESPONDENT, v. MARIO E. JASCALEVICH, DEFENDANT-APPELLANT, AND RIVERDELL HOSPITAL, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

MICHAEL SAVINO, AS ADMINISTRATOR *AD PROSEQUEN-DUM* AND AS GENERAL ADMINISTRATOR FOR THE ESTATE OF NANCY ANN SAVINO AND MICHAEL SAVINO, INDIVIDUALLY, PLAINTIFF-RESPONDENT, v. DR. MARIO JASCALEVICH, DEFENDANT-APPELLANT, AND RIVERDELL HOSPITAL, A CORPORATION OF THE STATE OF NEW JERSEY; EDWIN FRIEMAN, D.O.; ALLAN LANS, D.O.; JAY SKLAR, D.O.; IRWIN LEE RHINE, D.O. AND MARVIN WISCH, D.O.; INDIVIDUALLY AND AS OFFICERS AND DIRECTORS OF RIVERDELL HOSPITAL; JOHN DOE, JOHN ROE AND JOHN HOE, SAID NAMES BEING FICTITIOUS, INDIVIDUALLY AND AS MEMBERS OR FORMER MEMBERS OF THE MORTALITY REVIEW AND/OR TISSUE REVIEW COMMITTEE OF RIVERDELL HOSPITAL; AND ELLIOT WEINER, INDIVIDUALLY AND AS ADMINISTRATOR OF RIVERDELL HOSPITAL, DEFENDANTS.

ERNESTINE A. MICUCCI, EXECUTRIX OF THE ESTATE OF EMMA M. ARZT, DECEASED, ERNESTINE A. MICUCCI, INDIVIDUALLY AND VERA A. ARGENZIA, PLAINTIFFS-RESPONDENTS, v. MARIO JASCALEVICH, M.D., DEFENDANT-APPELLANT, AND RIVERDELL HOSPITAL, A CORPORATION OF THE STATE OF NEW JERSEY, EDWIN FRIEMAN, D.O., ALLAN LANS, D.O., JAY SKLAR, D.O., IRWIN LEE RHINE, D.O. AND MARVIN WISCH, D.O., INDIVIDUALLY AND AS OFFICERS AND DIRECTORS OF RIVERDELL HOSPITAL, JOHN DOES I THROUGH XL, INCLUSIVE AND EACH OF THEM, AND ELLIOT WEINER, INDIVIDUALLY AND AS ADMINISTRATOR OF RIVERDELL HOSPITAL, JOINTLY, SEVERALLY, OR INDIVIDUALLY OR IN THE ALTERNATIVE, DEFENDANTS.

RENE J. SHAW, EXECUTRIX OF THE ESTATE OF EILEEN SHAW, DECEASED, PLAINTIFF-RESPONDENT, v. RIVERDELL HOSPITAL, A CORPORATION OF THE STATE OF NEW JERSEY, EDWIN FRIEMAN, D.O., ALLAN LANS, D.O., JAY SKLAR, D.O., IRWIN LEE RHINE, D.O., AND MARVIN WISCH, D.O., INDIVIDUALLY AND AS OFFICERS AND DIRECTORS OF RIVERDELL HOSPITAL; JOHN DOE, JOHN ROE, JOHN HOE, SAID NAMES BEING FICTITIOUS, INDIVIDUALLY AND AS MEMBERS OR FORMER MEMBERS OF THE MORTALITY REVIEW AND/OR TISSUE REVIEW COMMITTEE OF RIVERDELL HOSPITAL; AND ELLIOT WEINER, INDIVIDUALLY AND AS ADMINISTRATOR OF RIVERDELL HOSPITAL, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued June 12, 1979—Decided July 10, 1979.

Before Judges MATTHEWS, KOLE and MILMED.

*Mr. Henry F. Furst* and *Mr. John R. Parker* argued the cause for appellant Mario E. Jascalevich, M.D. (*Messrs. Morgan, Melhuish, Monaghan & Spielvogel,* attorneys; *Messrs. Brown & Brown,* co-counsel for appellant; *Messrs. Henry G. Morgan, Raymond A. Brown, Henry F. Furst* and *John R. Parker,* of counsel and on the brief).

*Mr. Donald E. Morrice* argued the cause for respondent F. Ronald Biggs (*Messrs. Jardine, Morrice & Pagano,* attorneys; *Mr. Morrice,* on the brief).

*Mr. Stephen H. Monson,* Deputy Attorney General, argued the cause for respondent State of New Jersey (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Mr. Edwin H. Stern* and *Mr. Monson,* Deputy Attorneys General, of counsel and on the brief).

*Mr. Joseph Coult* argued the cause for defendants Riverdell Hospital and Elliot Weiner (*Mr. Edward E. Kuebler,* attorney; *Mr. Kuebler,* on the letter memorandum).

*Mr. Nathan Kittner,* Assistant Prosecutor of Bergen County, argued the cause for the Bergen County Prosecutor, *Mr. Roger W. Breslin.*

The opinion of the court was delivered by

MILMED, J. A. D. The Supreme Court granted the motion of defendant Mario E. Jascalevich for leave to appeal from two orders of the Law Division (one dated March 5, 1979 and the other dated March 22, 1979) and remanded the matter to this court for a full hearing on the merits as to all issues. A portion of the March 5 order complained of

grants respondent Biggs' motion for access to the files of the Bergen County Prosecutor in the criminal proceeding entitled State v. Mario Jascalevich (Indictment #S–495–76),[1] and directs the Bergen County Prosecutor to make the records held by him in the matter available for inspection and copying. The March 22 order denied, without prejudice, Dr. Jascalevich's petition for an expungement order pursuant to *N. J. S. A.* 2A:85–15 *et seq.*

The essential facts may be briefly summarized. Dr. Jascalevich was charged by indictment (#S–495–76) with five counts of murder. He was tried to a jury, the trial extending over a period of eight months, *i. e.,* from February 27 to October 24, 1978. During trial two of the counts were dismissed by the trial judge and, as to the remaining three counts, the jury found Jascalevich not guilty.

The four captioned civil actions, three of which name Jascalevich as a defendant, were all commenced after the Bergen County grand jury returned the five-count indictment. These civil suits were stayed pending resolution of the criminal proceeding and, by the March 5 order, were "consolidated for all proceedings up to trial, including discovery and settlement conferences." There has obviously been, as counsel for Jascalevich note in their brief, "no effective discovery in the civil suits." Also pending are administrative proceedings which were instituted by the State Board of Medical Examiners and pertain to Dr. Jascalevich's license to practice medicine in this State.

In January of this year respondent Biggs moved for an order requiring the Bergen County Prosecutor "to produce for examination, inspection and copying all materials, testimony, statements, physical evidence, transcripts, and such other documentation or tangible things held by the Prosecutor in connection with" the abovementioned criminal pro-

---

[1] This provision (paragraph 4(B)) of the March 5 order was stayed by the Supreme Court pending the disposition of the appeal in this court and until the further order of the Supreme Court.

ceeding.[2] In his affidavit in support of the motion counsel for Biggs pointed out that

Discovery of the Prosecutor's files was initially denied by the Court based on the pendency of the criminal prosecution, but later allowed on a most limited basis on the eve of the criminal trial. Plaintiff's [Biggs'] counsel was allowed to read some Grand Jury testimony at the Prosecutor's office in Hackensack and given limited information concerning the death of the plaintiff's decedent.[3]

With regard to the motion to allow access to the prosecutor's files, we are informed by counsel for Dr. Jascalevich that the assignment judge for Bergen County orally announced, in essence, that he would allow such access provided no application for expungement was made by Jascalevich by January 12. By petition sworn to on January 11, 1979, Jascalevich applied for expungement, pursuant to *N. J. S. A.* 2A:85–15 *et seq.*, "of any and all records pertaining to" indictment #S–495–76. In it he points out, among other things, that in its investigation into the allegations of murder against him, the Bergen County Prosecutor's Office accumulated a substantial amount of material; that some of the items have been lost or destroyed, and that the Prosecutor's Office had allowed Myron Farber, a reporter for *The New York Times,* access to the investigative file "despite the fact that he was not a paid member of the Prosecutor's staff or from another law enforcement agency." Jascalevich accordingly asked for an order expunging "all records and evidence of his arrest and indictment." The Attorney General, the Bergen County Prosecutor and plaintiffs in the civil actions objected. Towards the close of argument on the several motions and petition for

---

[2] At the time, various other motions were pending before the court. The motions were consolidated for hearing on January 5, 1979.

[3] Counsel notes in the brief submitted on behalf of Biggs that the civil plaintiffs had secured "access to the Grand Jury minutes and autopsy reports as a result of argument on November 4, 1977, December 2, 1977 and January 6, 1978."

expungement the assignment judge, addressing Jascalevich's attorney, commented:

> The prosecutor has stuff in his possession I think that it wanted to have in order to prosecute a murder trial. These people simply want to look at what the prosecutor has, even though it is your property.[4]

He granted Biggs' motion for access to the prosecutor's files and denied Jascalevich's petition for expungement, without prejudice, stating to counsel:

> I found good reason to deny your motion now, but without prejudice to your applying at a later date when probably it will be granted.

The March 22 order denying, without prejudice, Jascalevich's petition to expunge permits renewal of the petition only after termination of the administrative proceeding instituted by the State Board of Medical Examiners "and subject to further order of the Court."

Dr. Jascalevich contends that he has met the requirements of *N. J. S. A.* 2A:85–15 *et seq.,* and is entitled to an order of expungement; that expungement, if granted, will have no effect on the pending administrative proceedings regarding his license to practice medicine, since he has no objection to allowing the State in such proceedings access to the prosecutor's files; that whether, under the common law or the pertinent statute, "the equities in the case favor non-disclosure" of the matter sought to be expunged; and that the expungement order applied for should be broad enough to cover all records of the police investigation in the matter, the grand jury records, indictment and all investigative material.

■ *N. J. S. A.* 2A:85–17(a) provides that the court may grant an order of expungement "if there is no objection from

---

[4] Obviously referring to some items in Dr. Jascalevich's locker at Riverdell Hospital.

those law enforcement agencies notified of the hearing, and no reason appears to the contrary, * * *." *N. J. S. A.* 2A:85–18(a) provides that

> If an objection is made by any law enforcement agency upon which notice was served, the court shall determine whether there are grounds for denial. If the court determines there are no grounds for denial it may grant an order directing the clerk of the court and the parties upon whom notice was served to seal their records of said arrest, including evidence of detention related thereto, and specifying those records to be sealed.

Where, as here, a law enforcement agency enters an objection to the expungement of an arrest record, then

> * * * even though it is found that there are no grounds for the denial of the application for expungement, the court is limited to an order directing that the records of the arrest be sealed and not subject to inspection except by court order. [*State v. San Vito*, 133 *N. J. Super.* 508, 511 (App. Div. 1975)]

See also, *State v. King,* 156 *N. J. Super.* 42 (App. Div. 1978); *State v. E. B. R.,* 139 *N. J. Super.* 166 (App. Div. 1976).

By *N. J. S. A.* 2A:85–20(a) "grounds for denial" exist

> When the usefulness of the information of the arrest and the proceedings to law enforcement authorities and to anyone who might obtain such information outweighs the desirability of having a person, who has been acquitted or against whom charges have been dismissed or discharged, freed from any disabilities attached to the arrest which preceded that acquittal, dismissal or discharge.

At the oral argument of this appeal counsel for Dr. Jascalevich iterated that he had no objection to allowing the State, in the pending State Board of Medical Examiners' administrative proceedings, access to the materials in the prosecutor's files. We accordingly need not concern ourselves any longer with that issue.

The principal issues remaining are: (1) whether the record warrants access to the prosecutor's files by the litigants

in the civil actions and, if so, to what extent, and (2) whether the record warrants the entry of a sealing order pursuant to *N. J. S. A.* 2A:85–18(a) and, if so, the nature and extent of the same.

Here, the task of the trial judge was to determine first whether there were any "grounds for denial" of the petition within the meaning of the term as expressed in *N. J. S. A.* 2A:85–20(a), above-quoted. As we pointed out in *State v. King, supra,*

This called for a weighing of the considerations specified therein, followed by the making of appropriate findings of fact and "expression of the reasoning which, applied to the found facts, led to the conclusion below." *Van Realty, Inc. v. Passaic,* 117 *N. J. Super.* 425, 428 (App. Div. 1971). [156 *N. J. Super.* at 46]

We discern no such findings or expression of reasons in the record before us. There does not appear to have been any weighing of the considerations specified in *N. J. S. A.* 2A:85–20(a).

The civil litigants are, of course, entitled to obtain, by way of discovery, inspection and copies of all public records and relevant hospital records in the prosecutor's files. *Irval Realty v. Board of Public Utility Comm'rs,* 61 *N. J.* 366 (1972); *R.* 4:10–1; *R.* 4:10–2; *N. J. S. A.* 47:1A–2 (part of the Right to Know Law). And, as counsel for Jascalevich note in the brief submitted on his behalf, "The evidence actually produced at the trial [on Indictment #S–495–76] is available to the civil litigants as a matter of public record, and the transcript could be ordered by anyone with sufficient interest or means to obtain it." Additionally, the civil litigants may be allowed disclosure of testimony given before the grand jury upon an adequate demonstration of "compelling circumstances or need" warranting the same. *Doe v. Klein,* 143 *N. J. Super.* 134, 144 (App. Div. 1976). *Cf. Viruet v. Sylvester,* 131 *N. J. Super.* 599 (App. Div.), certif. den. 68 *N. J.* 138 (1975). Beyond this, upon conclusion of the administrative proceedings instituted by the State

Board of Medical Examiners, any records, charts, books, documents and exhibits maintained in the prosecutor's files in the matter, belonging to either Dr. Jascalevich or the Riverdell Hospital, should be returned to them by order upon their appropriate applications therefor.

The issue of availability to the State of the records in the administrative proceedings instituted by the State Board of Medical Examiners having been resolved, we discern no sound reason for delaying the entry of a sealing order under the governing statute, i. e., N. J. S. A. 2A:85–15 et seq. Since "an order directing that the records be sealed carries with it a mandate that the enforcement personnel inform anyone requesting information on records of the person involved that there is no record," State v. San Vito, supra, 133 N. J. Super. at 511, the sealing order to be entered in this case should cover the remaining items the expungement of which was sought by Dr. Jascalevich's petition, as hereinafter provided.

The obvious intent of the Legislature in enacting N. J. S. A. 2A: 85–15 to 2A:85–23 is to provide a method whereby an individual whose criminal arrest does not result in a finding of guilt, may eliminate the public record of that occurrence. The goal of these statutes is to remove the social stigma and economic detriment which results when the general public has access to these records. [State v. E. B. R., supra, 139 N. J. Super. at 168]

If, after entry of an appropriate sealing order, any of the civil litigants demonstrates a need for further discovery regarding any of the items covered by the order, he may proceed to apply therefor under the specific terms of the concluding paragraph of N. J. S. A. 2A:85–18, viz.:

Inspection of the files and records, or release of the information in the files and records, which are the subject of the sealing order, to anyone other than a person within the law enforcement agency in which the arrest records were sealed, may be permitted only by the court upon motion for good cause shown, and any such motion and any order granted pursuant to such motion shall specify the person or persons to whom the records and information are to be shown.

In summary, we conclude that (1) a sealing order should be issued forthwith directing the sealing of all records in regard to the matter of State v. Mario Jascalevich (Indictment #S-495-76), the expungement of which was sought by Dr. Jascalevich's petition,[5] except those to which the civil litigants are entitled to access, by way of discovery, as noted in this opinion, and subject to the State's right of access to all of the records in such files for the purposes of the administrative proceedings instituted by the State Board of Medical Examiners in regard to Dr. Jascalevich's license to practice medicine; (2) any future discovery of any sealed records shall be allowed to any of the civil litigants only in accordance with the provisions of the concluding paragraph of N. J. S. A. 2A:85-18 and upon a clear demonstration by such civil litigant that the usefulness to him of the information in such records outweighs the desirability of having Dr. Jascalevich freed from any disabilities attached to the arrest which preceded his acquittal of the charges set forth in Indictment #S-495-76, and (3) at the conclusion of the administrative proceedings, any property in the prosecutor's files in the matter belonging to Dr. Jascalevich or the Riverdell Hospital is to be returned to them respectively, by order on appropriate application therefor.

The orders appealed from are reversed and the matter is remanded to the assignment judge for Bergen County for the entry of appropriate orders consistent with this opinion. We do not retain jurisdiction.

---

[5] Of course, provided that the law enforcement agency involved was duly served with a copy of the verified petition for expungement and a copy of the January 12, 1979 order of the Law Division, setting the matter down for hearing. See N. J. S. A. 2A:85-18(a) and N. J. S. A. 2A:85-16.