*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0119**

State of Minnesota,
Commissioner of Human Services,
Appellant,

vs.

S. A. D.,
Respondent.

**Filed September 2, 2014
Reversed
Chutich, Judge**

Ramsey County District Court
File No. 62-K1-06-004880

Lori Swanson, Attorney General, Marsha Eldot Devine, Assistant Attorney General, St. Paul, Minnesota (for appellant)

S.A.D., Forest Lake, Minnesota (pro se respondent)

Considered and decided by Halbrooks, Presiding Judge; Ross, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

In this records-expungement appeal, the commissioner of human services challenges the district court's order expunging S.A.D.'s criminal records held by the Minnesota Department of Human Services (DHS), an agency in the executive branch.

Because the district court exceeded the scope of its inherent authority when it expunged DHS records, we reverse.

## FACTS

In December 2006, the state charged S.A.D. with felony theft by swindle and felony check forgery (offer/possess with intent to defraud). *See* Minn. Stat. §§ 609.52, subd. 2(4), .631, subd. 3 (2006). She pleaded guilty to the check-forgery charge, and the state dismissed the theft charge. S.A.D. received a stay of imposition, and the district court placed her on 10 years of supervised probation with conditions. When S.A.D. was discharged from probation in June 2012, her felony conviction was reduced to a misdemeanor. *See* Minn. Stat. § 609.13, subd. 1(2) (2006).

On May 31, 2013, S.A.D. filed a Petition for Expungement with the Ramsey County District Court. DHS, the Ramsey County Attorney's Office, and the Bureau of Criminal Apprehension (BCA) opposed the petition. The district court granted S.A.D.'s expungement petition for all of her criminal records relating to the theft charge and the check-forgery charge and conviction that were held by the judicial branch and all agencies except for the BCA. DHS requested reconsideration, and before the district court ruled on its request, it filed a notice of appeal to this court.

## D E C I S I O N

DHS challenges only the expungement of respondent S.A.D.'s criminal records held by DHS. S.A.D. did not submit a brief. Nevertheless, we review the appeal on the merits. *See* Minn. R. Civ. App. P. 142.03. A district court's authority to order expungement of criminal records arises from statute or its inherent authority to grant

2

relief. *See State v. Ambaye*, 616 N.W.2d 256, 258 (Minn. 2000). We review a district court's decision whether to expunge criminal records for an abuse of discretion, but we review de novo whether the district court acted within the scope of its inherent authority to expunge. *State v. M.D.T.*, 831 N.W.2d 276, 279 (Minn. 2013).

DHS contends that the district court lacked authority to order DHS to expunge S.A.D.'s records. In cases where, as here, no statutory authority to expunge exists, a district court may have inherent judicial authority to expunge a petitioner's records. *Id.* This authority arises in two situations. *Id.* at 280–81.

The first situation is when the petitioner's constitutional rights are "seriously infringed by retention of his records." *In re R.L.F.*, 256 N.W.2d 803, 808 (Minn. 1977). S.A.D. sought expungement of her records for employment reasons. She did not allege in her petition for expungement that expungement is necessary to protect her constitutional rights.

The second situation is when doing so is "necessary to the performance of judicial functions." *M.D.T.*, 831 N.W.2d at 281 (quotation omitted). If, and only if, the district court concludes that expungement is necessary to the performance of a judicial function, it must then determine "whether expungement will yield a benefit to the petitioner commensurate with the disadvantages to the public from the elimination of the record and the burden on the court in issuing, enforcing and monitoring an expungement order." *State v. C.A.*, 304 N.W.2d 353, 358 (Minn. 1981).

The supreme court in *M.D.T.* clarified the limits of the judiciary's inherent authority to expunge records held by the executive branch. Relevant to expungement, the

3

legislature enacted chapter 609A and the Minnesota Government Data Practices Act to strike a balance between public access and privacy rights. *M.D.T.*, 831 N.W.2d at 282–83. Thus, "[i]t is not necessary to the performance of a judicial function to strike the balance differently." *Id.* at 283. *M.D.T.* makes clear that courts do not have inherent authority to expunge executive branch records because expungement is not necessary to the performance of a judicial function "as contemplated in our state constitution." *Id.* at 280 (quotation omitted). "[T]he authority the judiciary has to control its own records does not give the judiciary inherent authority to reach into the executive branch to control what the executive branch does with records held in that branch, even when those records were created in the judiciary." *Id.* at 282. Expungement of executive branch records would fail to "respect the equally unique authority of another branch of government." *Id.* (quotation omitted).

We recognize that the record shows that S.A.D. has been law abiding for the last eight years and that her criminal record has made it difficult for her to find employment. But, under *M.D.T.*, we are required to conclude that the district court did not have the authority to expunge her records. And because the expungement of S.A.D.'s records held by DHS exceeded the district court's inherent authority, no balancing of competing interests is allowed. *See id.* at 284. We must, therefore, reverse the district court's order to the extent it applies to records held by DHS.

**Reversed.**

4