■ In the Matter of R., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner. — Pursuant to section 691.4 of the Rules of this Court (22 NYCRR 691.4), the petitioner Grievance Committee, in furtherance of its duty and power to investigate alleged acts of professional misconduct, moves to unseal certain court records pursuant to CPL 160.50 concerning the above-named attorney. Motion denied. The petitioner alleges that the respondent was indicted for attempting to bribe a witness; that thereafter the indictment was dismissed; that the respondent was reindicted but the second indictment was thereafter dismissed; that for a third time, respondent was indicted and on June 15, 1979, the third indictment was also dismissed; that thereafter the District Attorney of Kings County, indicated that he would not appeal the dismissal of the third indictment. The petitioner argues that it has exhausted every avenue of investigation and that without the granting by this court of the instant application to unseal the file, the petitioner will be unable to carry out its duty to investigate the alleged professional misconduct on the part of the respondent. Once a sealing order has issued pursuant to CPL 160.50, the records may be unsealed in only three specific circumstances: (1) for the use of the prosecutor where an accused has moved for an order for an adjournment in contemplation of dismissal in a case involving marihuana; (2) where justice requires that the records be made available to a law enforcement agency; and (3) for the use of any agency having responsibility for the issuance of gun licenses (CPL 160.50, subd 1, par [d]). In *Matter of Hynes v Karassik* (47 NY2d 659), the Court of Appeals was confronted by the identical issue. After a verdict of acquittal, the defendant attorney successfully moved under CPL 160.50 for an order sealing the records of the prosecution. Subsequently, the Special Prosecutor, who was the prosecuting attorney in the criminal case, at the request of the Committee on Grievances of the Association of the Bar of the City of New York, addressed a motion to the trial court requesting that the records and papers be unsealed to assist the committee in determining whether to bring professional disciplinary charges. The trial court granted the prosecutor's motion "in the interest of justice". The Appellate Division reversed, concluding that CPL 160.50 (subd 1) did not authorize any exception to the sealing requirement in such a situation. Judge Fuchsberg in writing for the Court of Appeals presented the issue thusly (p 661): "The issue before us is whether an order which directs the sealing of official records and papers pertaining to a criminal trial in which an attorney has been acquitted, operates to prevent those records from being unsealed for use in a subsequent investigation into the attorney's fitness to practice law". After citing the pertinent provisions of CPL 160.50 and the objectives of that section, the court went on to state (p 663): "The broad thrust of the sealing requirement is further evidenced by CPL 160.60, which states in no uncertain terms that '[t]he arrest or [unsuccessful] prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling'. Consistent with the statute's remedial purpose, is its intended application to any criminal action or proceeding terminated in favor of the person accused. The broad definition thus encompasses an expansive class of dispositions, including acquittal and various specified dismissals and vacaturs, regardless of whether premised on grounds unrelated to guilt or innocence (see CPL 160.50, subd 2). CPL 160.50 furthermore establishes the

methods by which such records may remain unsealed (subd 1). And, once a sealing order has issued there are but few narrowly defined exceptions to its terms; to wit, the records remain available (1) to a prosecutor in any proceeding in which the accused has moved for an order for an adjournment in contemplation of dismissal in a case involving marihuana, (2) to a law enforcement agency if justice requires that such records be made available to it, or (3) to any agency having responsibility for the issuance of gun licenses (CPL 160.50, subd 1, par [d]). None of these, obviously, can justify making the records available to the Grievance Committee." Addressing itself to the further issue raised by the appellant therein, regarding the court's inherent power, the court stated (pp 664-665): "appellant argues that the special responsibility of courts in dealing with matters relating to discipline of members of the Bar furnishes a sufficiently compelling impetus for the courts to plumb their inherent power to make sealed records available (cf. *Matter of Anonymous Attorneys,* 41 NY2d 506, 511). But, indeed, while cases *might* arise in which the exercise of a power to unseal would be appropriate (cf. *Johnson v State,* 336 So 2d 93, 95 [Fla.]), the proceeding before us does not present such a situation." (Emphasis supplied.) Similarly in the instant matter, under the circumstances present herein, the court is precluded from granting the application. Mollen, P. J., Hopkins, Damiani, Titone and Lazer, JJ., concur.