■ In the Matter of Charles J. Hynes, as Deputy Attorney-General of the State of New York, Respondent, v Irwin Karassik, Appellant.—Order, Supreme Court, Bronx County, entered March 17, 1978, directing the unsealing of all official records and papers relating to the prosecution of *People v Karassik,* reversed, on the law, without costs and without disbursements, and the motion to unseal is denied. Following a jury trial, the

appellant Irwin Karassik was acquitted of a criminal charge brought against him. On appellant's motion, without opposition by the respondent the court entered an order addressed to various named agencies directing "that the provisions of Section 160.50 of the Criminal Procedure Law be complied with." So far as here pertinent, this order had the effect of requiring that "all official records and papers [other than court decisions] relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor's office be sealed and not made available to any person or public or private agency" (CPL 160.50, subd 1, par [c]). At the request of the Committee on Grievances of the Association of the Bar of the City of New York, reportedly engaged in an inquiry into the professional conduct of the appellant, an attorney, respondent moved pursuant to CPL 160.50 (subd 1) to unseal the official records and papers for the purpose of making them available to that committee. The motion was on notice, and resulted in the order appealed from that directed the unsealing of "all official records and papers relating to the arrest or prosecution of the case of the *People v. Irwin Karassick* * * * for the purpose of presenting them to the Committee on Grievances of The Association of the Bar of the City of New York." Preliminarily, we are satisfied that the order appealed from is civil in character and appealable. Nor do we view the appeal as mooted by the circumstance that the papers and documents in question have been physically transferred to the Committee on Grievances. The issue presented is clearly of broad importance. *(People ex rel. Guggenheim v Mucci,* 32 NY2d 307.) Moreover, we assume that the Committee on Grievances would, of course, comply with the implications of any ruling here made. Turning to the substantive issues, we think it clear that CPL 160.50 (subd 1) does not authorize the motion here made to unseal "in the interest of justice." The power vested in the District Attorney by that section to move in the interest of justice quite clearly contemplates a motion made prior to a sealing order under the section, not one made after such an order has been entered. Nor do the facts presented invoke any of the narrowly limited circumstances under which records sealed may be made available to defined persons for stated purposes. (CPL 160.50, subd 1, par [d].) Accordingly, the order granting the motion to unseal was erroneously issued. However, issues raised in the course of this appeal plainly require an additional comment. The words "all official records and papers" are not defined in CPL 160.50 nor in any other relevant controlling statutory section. The terms used are clearly open to a variety of interpretations. We need not here undertake a comprehensive analysis of the records and papers intended to be covered by the statutory language. In light of the specific problem presented in the course of this litigation, it seems appropriate to express our understanding that a tape recording made in the course of an investigation does not become an official record required to be sealed under the section simply because it is marked in evidence as an exhibit in the course of a criminal trial. On the other hand, it would seem clear that the indictment itself is such an official record. The facts here, it may be noted, invite renewed legislative attention to the thoughtful observation in the Practice Commentary (Bellacosa, McKinney's Cons Laws of NY, Book 11A, CPL 160.50, Pocket Part 1977-1978, p 246): "The exceptions as to persons or entities not bound by or released from the sealing safeguard may prove to be too narrow. For example, unavailability of such data to sensitive licensing (the Bar), elective or appointive (the Bench) or security agencies, where the underlying facts of a criminal prosecution, even if favorably terminated for

the defendant, are still very relevant and often critical, would appear to be too restrictive." Concur—Silverman, Fein, Sandler and Sullivan, JJ.; Kupferman, J. P., concurs and dissents in part in a memorandum as follows: The ultimate effect of the opinion of the court is to allow the tape recordings to be made available to the Committee on Grievances. Inasmuch as we have a duty (see Judiciary Law, § 90) to pursue any substantial allegation of improper conduct against a member of the legal profession, it would appear that the proper result is being obtained, although perhaps through a strained construction. The prima facie aspect of the situation which, of course, is still to be resolved in the grievance procedure, is substantiated in *People v Karassik* (90 Misc 2d 839). The acquittal in the criminal case is not conclusive with respect to the grievance matter. (See *Matter of Anonymous Attorneys*, 41 NY2d 506.) With commendable foresight, the Practice Commentary (Bellacosa, McKinney's Cons Laws of NY, Book 11A, CPL 160.50, Pocket Part 1977-1978, pp 245, 246) set forth in the majority opinion indicates the problem here involved. (Cf. *Matter of Selig*, 32 AD2d 213, 215.) Accordingly, I believe that if we are to attempt to interpret the provisions of CPL 160.50 (subd 1) to achieve a salutary result, inasmuch as this is a matter of first impression, we should do so with respect to "interest of justice" rather than with respect to "official records". I concur in the conclusion that the order appealed from is civil in character and should be appealable. I dissent and would affirm on the issue itself.