*37 OPINION OF THE COURT
Joseph J asp an, J.
The Attorney-General has moved, ex parte, for an order authorizing the District Attorney of Suffolk County to transmit to him a copy of the October, 1977, Grand Jury testimony and exhibits which resulted in the indictments of Doctors David Lipton, Harold Massoff, and Mary Chiu, and a registered nurse, Lorna Salzarullo.
In view of the recent decision in Matter of Hynes v Karassik (47 NY2d 659), the court placed the matter on the calendar for argument after notice to all parties.
Evidence was presented to a Grand Jury that on July 3, 1975, the doctors, who are surgeons and an anestheseologist permitted an unlicensed person, a salesman of prosthetic devices, to participate in a meaningful way in a surgical procedure then being performed at Smithtown General Hospital, without the consent or knowledge of the patient.
As a result, all defendants named above and the hospital were indicted in October, 1977, and charged with acting in concert with each other in the commission of the crime of assault in the second degree.
By separate indictments, Dr. David Lipton, nurse Lorna Salzarullo and the hospital were charged with falsifying business records in the first degree in that with intent to defraud, they omitted to make true entries in required reports in order to conceal the crimes of unauthorized practice of medicine and assault.
Each of the indictments was ultimately dismissed by this court in memorandum decisions dated February 10, 1978, June 23, 1978, and June 29, 1978, and the official records were sealed pursuant to GPL 160.50.
The acknowledged purpose underlying the Attorney-General’s motion is to use the Grand Jury minutes in aid of an investigation into allegedly professional misconduct on the part of the afore-mentioned individuals. The investigative findings would thereafter be presented to a hearing panel of the Office of Medical Professional Conduct and the State Board of Nursing. In the intervening period the investigation has terminated favorably as to the nurse and there are no pending proceedings with respect to her.
The issue is whether disclosure of the Grand Jury minutes may be now ordered by this court.
*38 The Attorney-General argues that disclosure of Grand Jury minutes may be ordered by this court pursuant to the discretionary powers vested in it by CPL 190.25 (subd 4) and section 325 of the Judiciary Law and that the sealing statute enacted in 1976 (CPL 160.50) did not repeal those sections or limit the court’s discretionary power granted therein.
Respondents, the named defendants, oppose disclosure for the reasons set forth in Karassik (supra). They further urge that if there is an inconsistency between CPL 160.50 and the other cited sections, CPL 160.50 must prevail as a specific statute vis-á-vis earlier and more general statutes (Reinhart v Troy Parking Auth., 36 AD2d 654; Latham Enterprises v State of New York, 20 Misc 2d 1018).
CPL 160.50 (subd 1) provides for the sealing of
"(c) all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor’s office be sealed and not made available to any person or public or private agency; and
"(d) such records shall be made available to the person accused or to such person’s designated agent, and shall be made available to (i) a prosecutor in any proceeding in which the accused has moved for an order pursuant to section 170.56 or 210.46 of this chapter, or (ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it, or (iii) any state or local officer or agency with responsibility for the issuance of licenses to possess guns, when the accused has made application for such a license.”
A related statute (Executive Law, § 296, subd 14) states in its relevant portion that it is an "unlawful discriminatory practice”: "to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest of criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, in connection *39 with the licensing, employment or providing of credit or insurance to such individual”.
The legislative purpose of these sections is set forth in the Governor’s memorandum (NY Legis Ann, 1976, p 409). "This legislation is consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law.”
Not unexpectedly, the Court of Appeals later noted in Karassik (47 NY2d 659, 662, supra) that CPL 160.50 "serves the laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation.”
In that case the defendant, an attorney, was indicted and later acquitted of the misdemeanor charge of criminal solicitation in the second degree. A Special Prosecutor sought to use the official records and papers in that proceeding as an aid to the pending investigation into the attorney’s fitness to practice law.
A denial of the application by the Appellate Division was affirmed with a holding that the quoted sections relating to the sealing of such records were applicable and that even the special responsibility of the court relating to the discipline of members of the Bar did not, per se, invoke its inherent powers to the extent necessary to make the records available.
While Karassik (supra) did not specifically relate to Grand Jury minutes, I perceive of no essential rule of fairness or of any statutory scheme which would warrant a different or special holding with respect thereto.
Neither CPL 190.25 which limits disclosure of the nature and substance of Grand Jury testimony "without a court order” or section 325 of the Judiciary Law relating to the minutes of a Grand Jury stenographer expand the inherent power of the court. They merely note the court’s power as an available resource in appropriate circumstances.
The purpose of these sections is to protect the secrecy of Grand Jury proceedings and not to make disclosure more readily available. They are primarily distinguishable from the sealing statutes only in their temporal quality with effectiveness extending to applications independent of the termination of the criminal proceedings in favor of the named defendant.
The statutes relied upon by both sides establish the parame *40 ters of judicial discretion in the area and have as a common denominator the intent to protect the innocent. In People v Di Napoli (27 NY2d 229, 235) Grand Jury minutes of a proceeding long concluded by conviction were made available to the Public Service Commission for reasons of public interest since "there * * * [was] no need to protect any innocent accused person ” (emphasis supplied). (See, also, Matter of City of Buffalo, 57 AD2d 47; Matter of Corporation Counsel of City of Buffalo, 61 AD2d 32.)
Matter of Scotti (53 AD2d 282), which authorized release of Grand Jury minutes relative to the Attica Prison uprising for limited use in a prospective disciplinary proceeding predates and is inferentially overruled by Karassik (supra).
I hold that CPL 160.50 (subd 1, par [c]) which embraces "all official records and papers * * * relating to the arrest or prosecution” includes and it is applicable to Grand Jury minutes. (Emphasis supplied.)
The cited cases advert to the inherent discretionary power of the court in "appropriate cases”. Karassik (supra, p 665) noted that in view of the availability of tapes of conversations between the respondent and the operator of the nursing home, a key to the prosecution itself, it was an abuse of discretion for Special Term to have disregarded the "clear and unequivocal words of the statute.”
In the instant case, the key witness, the salesman MacKay has published a book of his activities as a "ghost surgeon”. The book was serialized in abbreviated form by large newspapers in this area. Petitioner has failed to demonstrate any overriding need for the Grand Jury minutes requested which would warrant the exercise by this court of its inherent but limited power to make the minutes available.
The application of the Attorney-General is denied.