OPINION OF THE COURT
Ernst H. Rosenberger, J.
A Grand Jury of the Extraordinary Special and Trial Term *525 conducted an investigation into the negotiation and execution of an amended lease for certain real property owned by the City of New York. "The investigation sought to determine whether a bribe, in the form of a campaign contribution, was paid by the principals of the lessee corporation to the campaign committee of a public official to influence negotiations to cover the terms of the proposed amended lease. Fifteen witnesses testified and forty documents and exhibits were introduced into evidence during the course of the proceeding.” (Report of the January, 1977 Grand Jury, p 2.)
In June of 1978, the Grand Jury submitted a report pursuant to CPL 190.85 (subd 1, par [c]) setting forth its findings and proposals. The report stated at page 4 "the evidence does call for a reappraisal of the law and procedure governing lease negotiations as well as the establishment of rules controlling campaign contributions by persons doing business with city agencies.” Specific recommendations for legislative, executive and administrative action were made. No indictments were voted.
The New York State Select Committee on Crime has applied for an order pursuant to section 325 of the Judiciary Law authorizing the furnishing to it of a full copy of the Grand Jury minutes and the exhibits which were before the jury. The application arises from an investigation by the committee into practices of public officials of the City and State of New York concerned with the purchase, sale and leasing of public properties. The Special State Prosecutor has opposed the motion. The court directed that certain persons who were witnesses before the Grand Jury or who were mentioned in testimony be given notice of the application. Certain of them have joined, in various forms, in opposition to the motion.
In Matter of Wood v Hughes (9 NY2d 144, 154) the court, in holding that Grand Juries did not have the power to issue reports based upon their investigations, in the absence of a clear grant of legislative authority stated: "In the public mind, accusation by report is indistinguishable from accusation by indictment and subjects those against whom it is directed to the same public condemnation and opprobrium as if they had been indicted. An indictment charges a violation of a known and certain public law and is but the first step in a long process in which the accused may seek vindication through exercise of the right to a public trial, to a jury, to counsel, to confrontation of witnesses against him and, if convicted, to an *526 appeal. A report, on the contrary, based as it is upon the grand jury’s own criteria of public or private morals, charges the violation of subjective and unexpressed standards of morality and is the first and last step of the judicial process. It is at once an accusation and a final condemnation, and, emanating from a judicial body occupying a position of respect and importance in the community, its potential for harm is incalculable. A grand jury report — which as a judicial document obviously differs radically from newspaper charges of misconduct — carries the same sense of authoritative condemnation as an indictment does, without, however, according the accused the benefit of the protections accorded to one who is indicted.”
Apparently in response to the holding in Matter of Wood v Hughes (supra) the Legislature in 1964, enacted the predecessor (Code Crim Pro, § 253-a) of CPL 190.85. This section authorizes reports by Grand Juries under carefully restricted circumstances.
A report may be filed: "[cjoncerning misconduct, non-feasance or neglect in public office by a public servant as the basis for a recommendation of removal or disciplinary action” (CPL 190.85, subd 1, par [a]). Before such a report may be accepted by the court it must appear "that each person named therein was afforded an opportunity to testify before the grand jury prior to the filing of such report” (CPL 190.85, subd 2, par [b]). The statute further provides in subdivision 3, the method by which the persons named may respond to it.
It is also provided that a Grand Jury may file a report of a very different character: "Proposing recommendations for legislative, executive or administrative action in the public interest based upon stated findings” (CPL 190.85, subd 1, par [c]). Such a report may not be "critical of an identified or identifiable person” (CPL 190.85, subd 2, par [b]). The report giving rise to the instant motion is of the latter type. The members of the Grand Jury and their legal adviser took care to see that this report complied with the requirements of statute.
The combination in one Grand Jury report of the types specified in CPL 190.85 (subd 1, par [a]) (concerning misconduct, nonfeasance or neglect in public office by a public servant) and paragraph (c) of subdivision 1 (recommendation for legislative, executive or administrative action) is improper and requires the sealing of the report. (People v Doe, 25 AD2d 906; Matter of October 1975 Grand Jury of Supreme Ct. of Ulster County, 55 AD2d 707.) Granting the motion to release *527 the minutes would have the indirect effect of combining the two types of reports. The minutes would reveal speculation and surmise which the Grand Jurors did not find to warrant an indictment of anyone or a recommendation for removal or discipline of anyone. The fact that the Grand Jury found the testimony insufficient to warrant either of these actions does not lessen the prejudicial impact which the release of such testimony would have upon the people mentioned. This would be all the more unacceptable when the persons mentioned did not have the statutory protections referred to in CPL 190.85 (subd 2, par [b]; subd 3) for those who are the subject of critical reports under paragraph (a) of subdivision 1.
The movant and those opposed to the application cite People v Di Napoli (27 NY2d 229, 235) which discusses: "the reasons for maintaining the secrecy or confidentiality of grand jury minutes. Those most frequently mentioned by courts and commentators are these: (1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely. (See, e.g., People ex rel. Hirschberg v. Board of Supervisors, 251 N. Y. 156, 165; Matter of Temporary State Comm, of Investigation, 47 Misc. 2d 11,14, supra; Matter of Attorney General of U. S., 160 Misc. 533, 534; People v. Ewald, 144 Misc. 657, 660; United States v. Amazon Ind. Chem. Corp., 55 F. 2d 254, 261; see, also, 8 Wigmore, Evidence [McNaughton Rev., 1961] §§ 2350-2362.)” (Emphasis supplied.)
The movant maintains that none of the foregoing criteria apply. It is argued, insofar as protection of innocent accused persons are concerned, that there is no need "because no indictments were returned.” This position is irreconcilable with the clear intent of the court in Di Napoli (supra). In that case people were indicted and pleaded guilty. Here there were people accused. The Grand Jury did not find reasonable cause to indict them. They are precisely the people spoken of as requiring protection under the fourth of the above-stated reasons.
Counsel to the committee has offered to stipulate that access *528 to the minutes would be limited to him and to the chairman of the committee. This offer was made in an attempt to obviate the existing problems, supra. Both of these men are attorneys and honorable public officials. They would, without doubt, adhere to their stipulation. The court would be hard put, however, to grant access to the minutes to them and deny it to other members of the Legislature, should they similarly apply. Other legislators might even seek to compel production by the chairman or counsel through the rules and procedures of the Legislature.
There is no allegation or demonstration that the committee is unable to secure the information it seeks other than by access to the minutes of the Grand Jury. There is a suggestion that an examination of the minutes would be faster and more convenient. There is also the suggestion, however, that the committee intends to call some of those who testified before the Grand Jury to testify before it in any event.
In Matter of City of Buffalo (57 AD2d 47, 51) the court said: "Finally, the [applicant’s] affidavit is deficient in several respects * * * The affidavit also fails to allege, much less demonstrate, that sources other than the Grand Jury minutes are inadequate to provide the information which the [applicant] seeks.”
Courts have authorized the release of Grand Jury minutes to the Public Service Commission, an adjudicatory body making findings of fact on specific issues (People v Di Napoli, supra). Minutes of the testimony of a public officer before the Grand Jury have been released to petitioners in a proceeding pending in a court to remove the witness from his office as tax collector. (Matter of Quinn, 267 App Div 913.) In both of these cases there was a pending proceeding requiring specific fact finding. Legislative proceedings are, of course, of a very different nature. Involved in this instance is "a comprehensive study and investigation of all aspects involved in selling, buying, leasing or otherwise acquiring or disposing of real estate owned or sought to be owned by the City of New York.” (Senate Resolution, Jan. 17, 1977.) No case in New York State reveals the granting of an order releasing Grand Jury minutes for a broad legislative inquiry.
The movants allege that the Special Prosecutor has received official records and documents from agencies of the City of New York and that these records and documents, used by the Grand Jury, have thus been rendered unavailable to the *529 committee. The Special Prosecutor states that these papers were returned by him long before the instant motion was made. They are therefore freely available to the committee. Such papers would not, in any event, be "grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding.” Only the foregoing are secret under CPL 190.25 (subd 4).
The motion is denied.