OPINION OF THE COURT
Rena K. Uviller, J.
This is an ex parte application by the People, pursuant to CPL 160.50 (subd 1, par [d], cl [ii]), to unseal court records for the purpose of perfecting an appeal from a criminal court order dismissing the case for failure to prosecute. The case was dismissed on December 1,1981, and was sealed on that date. This application to unseal comes more than 11 months after the dismissal and sealing.
While such applications to unseal are commonly made ex parte pursuant to CPL 160.50 (subd 1, par [d], cl [ii]), this court determines that the statutory subsection relied upon does not confer authority to grant the relief sought. An ex parte application to unseal pursuant to CPL 160.50 (subd 1, par [d], cl [ii]) is available, by the express terms of that subsection, only to a law enforcement agency. For example, it would be available to the police or a prosecutor in furtherance of an investigation. In such situations an ex parte application is appropriate and often necessary. A *976 prosecutor, however, belatedly seeking to perfect an appeal does not, in this court’s view, constitute a “law enforcement agency” within the purview of the statute.
The only other potential mechanism for the People is a motion, on notice, to unseal the record pursuant to CPL 160.50 (subd 1, par [c]). Strictly speaking, CPL 160.50 (subd 1, par [c]) is not a proper mechanism in this case either, because CPL 160.50 (subd 1, par [c]) relates to the method of securing an order to stay sealing, rather than to unseal. Since this record has already been sealed, a motion to stay sealing pursuant to CPL 160.50 (subd 1, par [c]) is not entirely apposite.
It is this court’s view, however, that the record in this case was improperly sealed in the first place. CPL article 160 provides for a sealing only “[u]pon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of this section”. (CPL 160.50, subd 1; emphasis added.) A criminal action is deemed terminated “in favor” of the accused when an order to dismiss has been entered “and the people have not appealed from such order”. (CPL 160.50, subd 2, par [b]; emphasis added.) In turn, an appeal is deemed to have been taken as soon as the appealing party has filed a notice of appeal within the prescribed time period. (CPL 460.10, subd 1, par [d].)
It follows from this that if a notice of appeal is filed by the People in a dismissed case, that would mean that the criminal proceeding has not terminated in favor of the accused. If it has not been terminated in his favor, the record may not be sealed. Only after the prescribed time to file a notice of appeal has expired may a dismissed case properly be characterized as having been terminated in favor of the defendant. And only at that point, after expiration of the time to file a notice of appeal, may the record be sealed. '
If the People in this case can demonstrate that they filed a timely notice of appeal, then the record should not have been sealed at all. If that is so, then the record should be unsealed on notice to the defendant.
Accordingly, this ex parte application to unseal is denied with leave to file a motion, on notice to the defendant, for *977 unsealing and upon proper proof that the action was not terminated in his favor because an appeal has been taken by the timely filing of a notice of appeal.