■ In the Matter of ANONYMOUS, an Attorney and Counselor at Law. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner. — Motion by petitioner Grievance Committee to unseal the record of certain criminal proceedings sealed pursuant to CPL 160.50. Respondent was indicted on three counts of grand larceny in the second degree and one count of criminal solicitation in the second degree. Following a nonjury trial, he was acquitted of the grand larceny charges but found guilty of criminal solicitation in the second degree. Respondent was thereupon sentenced to be incarcerated for a period of nine months. On appeal, this court reversed the conviction and dismissed the indictment since there had been no corroboration of the testimony of the sole witness to the alleged crime. Thereafter, the record of the criminal proceedings were sealed pursuant to CPL 160.50. Petitioner now seeks, upon this motion, to unseal said record. Petitioner especially seeks access to a certain tape recording of a statement purportedly made by respondent to an Assistant District Attorney. Petitioner claims that the statement is approximately three hours in length and was suppressed during the criminal proceedings for failure to afford the respondent his Sixth Amendment right to counsel. Petitioner argues that the tape recording is essential to its investigation into alleged professional misconduct by the respondent. The purpose of CPL 160.50 in providing for the sealing of records upon the termination of a criminal action in favor of the accused is to lessen the adverse effect upon an individual's reputation and status which often results from an unsuccessful criminal prosecution (see Governor's Approval Memorandum, NY Legis Ann, 1976, p 408). CPL 160.50 (subd 1, par [c]) provides that upon the termination of a criminal action in favor of an accused the court shall enter an order directing, *inter alia,* that: "all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor's office be sealed and not made available to any person or public or private agency". Once sealed pursuant to the statute, records may be unsealed only in the certain specified circumstances set forth in CPL 160.50 (subd 1, par [d]), as follows: "such records shall be made available to the person accused or to such person's designated agent, and shall be made available to (i) a prosecutor in any proceeding in which the accused has moved for an order pursuant to section 170.56 or 210.46 of this chapter, or (ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it, or (iii) any state or local officer or agency with responsibility for the issuance of licenses to possess guns, when the accused has made application for such a license, or (iv) the New York state division of parole when the accused is on parole release supervision as result of conditional release or a parole granted by the New York state board of parole, and the arrest which is the subject of the inquiry is one which occurred while the accused was under such supervision." While clearly petitioner does not fit within any of the categories of individuals or agencies enumerated under the statute which would justify making the records in the instant case available to it, the Court of Appeals has recognized that inherent discretionary power exists beyond the provisions of CPL 160.50 which authorize the release of sealed records. In *Matter of Hynes v Karassik* (47 NY2d 659), a case almost identical to that at bar, an attorney acquitted of criminal charges successfully

moved under CPL 160.50 for a sealing order. Thereafter, the Special Prosecutor, at the request of the Committee on Grievances of Association of the Bar of the City of New York, obtained an order directing that the record be unsealed. On appeal, the First Department reversed, concluding that CPL 160.50 (subd 1, par [d]) did not permit the records to be released to the Committee on Grievances. The court went on, however, to state: "[t]he words 'all official records and papers' are not defined in CPL 160.50 nor in any other relevant controlling statutory section. The terms used are clearly open to a variety of interpretations. We need not here undertake a comprehensive analysis of the records and papers intended to be covered by the statutory language. In light of the specific problem presented in the course of this litigation, it seems appropriate to express our understanding that a tape recording made in the course of an investigation does not become part of an official record required to be sealed under the section simply because it is marked in evidence as an exhibit in the course of a criminal trial." (63 AD2d 597, 598.) The Court of Appeals affirmed (47 NY2d 659), reasoning that the release of the records to the Committee on Grievances clearly would be contrary to the statute. It took the opportunity, however, to recognize the existence of the court's inherent power to order such a release where the interests of justice so mandate. Significantly, though, in declining to exercise that power in *Karassik*, the court stated: "But, indeed, while cases might arise in which the exercise of a power to unseal would be appropriate (cf. *Johnson v State,* 336 So 2d 93, 95 [Fla]), the proceeding before us does not present such a situation. We need go no further than to say that in light of the availability of the tapes of conversations between the respondent and the operator of the nursing home, a key to the criminal prosecution itself, the Appellate Division did not err in finding that Criminal Term had abused its discretion by disregarding the clear and unequivocal words of the statute." (47 NY2d 659, 664-665.) Thus, the First Department's conclusion that the tape recordings did not fall within the definition of "official records and papers" and were, therefore, not protected under the provisions of CPL 160.50 remains undisturbed. Applying these principles to the matter before us, we conclude that while CPL 160.50 does not authorize the unsealing of the record of the criminal proceedings in the instant case, we nevertheless have the inherent power, should we choose to exercise it, to direct that said record be unsealed. However, we do not find that the circumstances at bar are such as would warrant the exercise of such power. Firstly, petitioner has failed to set forth any facts which would indicate that it will be unable to properly perform its investigatory function without the unsealing of the record herein, and there has been no showing that the information contained therein is otherwise unavailable. Thus, we are not presented with a case in which unsealing is called for "in order to serve fairness and justice" (*Matter of Hynes v Karassik,* 47 NY2d 659, 664, *supra;* cf. *Matter of R.,* 81 AD2d 901). But more significantly, there is no need for us to exercise such power since petitioner is otherwise entitled to access to the tape recording herein for the reason that said recording does not constitute part of the official records and papers in the criminal proceeding involving the respondent and therefore is not subject to the protections afforded by CPL 160.50 (*Matter of Hynes v Karassik, supra*). Accordingly, petitioner's motion is granted to the extent of directing the release of the tape recording in question. Mollen, P. J., Damiani, Titone, Mangano and Brown, JJ., concur.