OPINION OF THE COURT
Gertrud Mainzer, J.
In each of the above-captioned matters, the presentment agency seeks an order pursuant to section 375.1 of the Family Court Act, preventing the sealing of all official records and papers relating to the arrest and prosecution of the above-named respondents, including all court, probation and police department records. The motions have been consolidated for decision since a common legal question is presented in each case.
In pertinent part, section 375.1 of the Family Court Act which became effective on July 1,1983, provides as follows: “1. Upon termination of a delinquency proceeding against a respondent in favor of such respondent, unless the presentment agency * * * demonstrates to the satisfaction of the court that the interests of justice require otherwise or the court on its own motion * * * determines that the interests] of justice require otherwise * * * the court shall enter an order * * * directing that all official records and *226 papers, including judgments and orders of the court * * * relating to the arrest, the prosecution and the probation service proceedings, including all duplicates or copies thereof, on file with the court, police agency, probation service and presentment agency be sealed and not made available to any person or public or private agency.”
It is undisputed that the proceedings against the respondents herein were terminated favorably within the meaning of section 375.1 and therefore unless the interests of justice require otherwise the records must be sealed. However, in docket No. D-2894/83 the presentment agency has argued that the records of this proceeding are required for the proper disposition of two other delinquency matters currently pending in this court. In addition, in dockets Nos. D-2894/83 and D-2682/83, the presentment agency has argued that the respondent in each matter has a warrant history and that this history should be available to properly determine the issue of parole or remand in the event that either respondent is rearrested in the future and a new delinquency petition drawn.
Since the sealing provisions of section 375.1 of the Family Court Act were patterned after those contained in CPL 160.50, the court has considered both the legislative history and judicial interpretations of the CPL provisions in determining the issues at bar.
It is well settled that the purpose of CPL 160.50 is to place the defendant in the same position he would have been prior to his arrest where the defendant has been exonerated or the proceeding has been otherwise terminated in his favor. (People v Anderson, 97 Misc 2d 408.) As stated by the Governor, the sealing provisions were enacted “to protect the rights of individuals” and to give effect to the presumption of innocence. (Governor’s memorandum of approval, McKinney’s Session Laws of NY, 1976, p 2451.) The provisions simply mean that “no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law.” (Ibid.)
In view of the purpose of the statute it follows that sealing should be directed where a case has been dismissed in favor of an accused despite the pendency of another *227 proceeding involving the same defendant or respondent. This conclusion is supported by the legislative memorandum accompanying the 1977 amendment to CPL 160.50 which provides for the sealing of records even though other criminal charges may be pending against the defendant. The 1977 memorandum states: “The existence or nonexistence of another pending action is really irrelevant. If the instant action has been determined favorably to the defendant, he is entitled to have the record[s] sealed. The pending action, if there is one, is an independent event which will eventually be resolved, in terms of section 160.50, on its own merits.” (Memorandum of State Executive Dept., McKinney’s Session Laws of NY, 1977, p 2453.)
Based on the foregoing, the court finds that the pendency of a dispositional hearing on two other delinquency matters involving the respondent in docket No. D-2894/83 does not constitute a circumstance sufficient to bar the sealing of the records herein.
Additionally, the court finds that although section 375.1 of the Family Court Act has been amended to permit the Probation Department access to sealed records for the purpose of making adjustment determinations pursuant to section 308.1 of the Family Court Act (L 1983, ch 398, eff July 1, 1983) no such amendment has been made for the purpose of assisting the court in making parole or remand determinations pursuant to section 320.5 of the Family Court Act.
In the absence of a legislative provision which exempts warrant histories from the purview of the sealing provisions, or allows access to sealed records to obtain this information, the court is not convinced that the records herein should remain unsealed because warrants were issued during the course of these proceedings. Instead, the court finds that the issue of parole or remand in a future hypothetical proceeding should be determined independently of the instant proceedings which have been terminated favorably to the respondents.
Accordingly, it is ordered that the motion of the presentment agency in each of the above-captioned matters be and is hereby denied; and it is further ordered that orders directing the sealing of each of the respondent’s records be submitted by the clerk of the court for signature.