OPINION OF THE COURT

Per Curiam.

During the course of an investigation in an attorney disciplinary matter, the Grievance Committee may, upon an affirmation demonstrating necessity, gain an order from the Appellate Division permitting the unsealing of the records of a criminal action previously sealed pursuant to CPL 160.50. The order must indicate the papers on which the Appellate Division exercised its discretion so that it will be subject to meaningful review by this court. In the instant matter, on the record before us, there was neither a proper request by the Grievance Committee, nor was there a legally cognizable order of the Appellate Division permitting the unsealing. Under the peculiar facts of this case, disclosure of the record to the Grievance Committee requires dismissal of the complaint against appellant.
In 1974, appellant was charged with bribing a police officer, who was a potential witness in a civil matter. It was alleged that, while representing a client who had suffered personal injuries in an automobile accident, respondent approached the police officer who had prepared the accident report and offered him $80 in exchange for testimony that would be favorable to the client. The indictment was originally prosecuted by a Special State Prosecutor but, due to the nature of the crime, this court held that the prosecutor was without jurisdiction to proceed (see Matter of Bondi v Jones, 40 NY2d 8).
A superseding indictment issued and the case was transferred to the Queens County District Attorney. As no civil action had ever been commenced, the count for bribing a witness was dismissed. After a lengthy trial in 1977, respondent was acquitted of the other charge. Following appellant’s acquittal, the records of the case were sealed pursuant to an order issued under CPL 160.50.*
*335 During the pendency of the criminal proceedings, in 1975, the Grievance Committee for the Second and Eleventh Judicial Districts sua sponte filed a complaint against appellant on a charge of improper payment to a police officer. Soon after appellant was acquitted of the underlying crime, counsel for the Grievance Committee made an ex parte application to Supreme Court, Queens County, for an order permitting the unsealing of both the court’s and District Attorney’s files. The application asserted that the “entire court and prosecutor’s file is essential to a proper and fair investigation.” An order, declaring that the Grievance Committee was a “law enforcement agency” entitled to the records under CPL 160.50, issued, but was immediately recalled by the Judge. He reconsidered his designation of the Grievance Committee as a “law enforcement agency” and denied the application, subject to renewal if the Committee “established] proper authority” for the unsealing.
Failing at gaining the records in this manner, counsel made a new ex parte application, to the Appellate Division, Second Department, in August 1977. This was done informally through a letter addressed to the court clerk. The clerk responded the same week with a letter stating simply: “Please be advised that your request to have the entire file of the Court and the Queens County District Attorney, in the above matter, be unsealed and turned over to your Committee, has been approved by the Court.”
Armed with this letter, counsel obtained the court files from Supreme Court and the files of the Queens County District Attorney. The Grievance Committee also received a tape recording of a conversation between respondent and the police officer, which had been surreptitiously recorded.
*336 Although the original complaint against appellant was filed by the Grievance Committee in 1975, appellant was not notified of its pendency until January 1980. At a hearing held before a Grievance Committee Panel in May 1980, two police officers, appellant, and one other witness testified. Five months later, the Committee filed a formal charge with the Appellate Division against appellant. The charge read: “On or about September 11, 1974, respondent offered and paid $80.00 to Police Officer James Edward Gaughan to influence his testimony in a civil action in which respondent represented a client, Oscar Evans.”
A special referee was appointed to hear the matter. It was stipulated that in lieu of a full hearing the referee would review the transcripts of the hearing before the Grievance Committee Panel, but would not consider any material contained in the sealed records or the tape recording. The referee filed a report finding that the charge of professional misconduct had been established. The Appellate Division confirmed this report and suspended appellant from the practice of law for a period of one year and until the further order of the court. This court granted appellant’s motion for leave to appeal.
Appellant argues that the Grievance Committee wrongly acquired the sealed records and their use in the investigation, preparation, and prosecution of the disciplinary charges irreparably tainted the entire proceeding, requiring that the complaint be dismissed. In essence, appellant contends that it was improper for the Grievance Committee to have applied ex parte to the Appellate Division for an order unsealing the records and that, in any event, the Appellate Division was without authority to grant such an application.
The Grievance Committee counters that it acted properly in seeking an order unsealing the records from the Appellate Division. It posits that the Appellate Division, by virtue of either its authority to oversee and discipline attorneys or an “inherent” power to control court records, has the power to order the unsealing of these records notwithstanding the provisions of the Criminal Procedure Law (cf. Matter of Hynes v Karassik, 47 NY2d 659,664, and p 665 [Jones, J., concurring]). In addition, the Committee *337 notes that, even if the records were improperly unsealed and delivered to the Committee, appellant suffered no prejudice. It asserts that the sealed files were unnecessary to its investigation inasmuch as the pertinent information had already been publicized; that the tape recording contained the pertinent information and was not an “official record” subject to the sealing order; and that, in any event, neither the court’s nor the prosecutor’s files were considered by the referee hearing the formal charges.
The Grievance Committee’s contention that appellant could have suffered no prejudice because the relevant information was available to the Committee in any event is belied by its original application to Supreme Court, in which counsel for the Grievance Committee stated in a sworn affidavit that receipt of the records was “essential” to the Committee’s investigation. In light of that sworn statement, the current assertion that the records were not really necessary is troublesome. Having elected to proceed on the basis that the files were essential, the Committee should be held to that characterization. And because it is presumed that the files were “essential” for the investigation that led to the formal charge, it is irrelevant that they were not received by the referee at the Appellate Division as the prejudice to appellant would already have occurred.
Next is the Committee’s contention that the tape recordings, which purportedly contain appellant’s attempt to bribe the officer, are not an “official record” subject to the sealing order. The Committee argues that the tapes were made during the course of the investigation of the underlying crime and do not fall within the statutory terms “all official records and papers”. Although there exists some authority supporting this contention (see Matter of Anonymous, 95 AD2d 763, 764; Matter of Hynes v Karassik, 63 AD2d 597, 598, affd 47 NY2d 659, supra), on the facts of this case, it is clear that the tapes were subject to the sealing order.
CPL 160.50 mandates the sealing of “all official records and papers * * * relating to the arrest or prosecution * * * on file with * * * any court, police agency, or prosecutor’s office” (CPL 160.50, subd 1, par [c] [emphasis added]). This broad and inclusive statement should be read to include a *338 tape recording that was integral to both appellant’s arrest and his prosecution. Certainly, a transcript of the recording would fall within the contemplation of the statute. That the testimonial evidence exists in another form should not change this result.
Having decided that the records of the court and prosecutor, as well as the tape recording, were essential to the Grievance Committee’s investigation and were subject to the sealing order, this court turns its attention to the propriety of the procedure by which they were obtained. In Matter of Hynes v Karassik (47 NY2d 659, supra) this court held that a Grievance Committee has no standing under CPL 160.50 to seek an order to obtain records sealed pursuant to that provision as it does not constitute a “law enforcement agency” for the purpose of CPL 160.50. Thus, the Appellate Division order could not properly be based on that provision.
This court has previously suggested that in “extraordinary circumstances” the Appellate Division may exercise its discretion, pursuant to inherent authority over records and its oversight and disciplinary power over attorneys and counselors at law, to permit the unsealing of criminal records (see Matter of Hynes v Karassik, 47 NY2d, at pp 664-665, and at p 665 [Jones, J., concurring]; see, also, Judiciary Law, § 90, subd 2). Such discretionary power may be invoked, however, only upon a compelling demonstration, by affirmation, that without an unsealing of criminal records, the ends of protecting the public through investigation and possible discipline of an attorney cannot be accomplished. Only upon such a showing will the authority over attorney discipline override the protection of confidentiality accorded by the Criminal Procedure Law to those acquitted in criminal actions. When a demonstration of necessity is made, the Appellate Division may issue an order permitting the unsealing of records, which order will be reviewable in this court.
In the instant matter, although the Grievance Committee must be held to its own characterization of the records as “necessary,” there was no such showing to the Appellate Division. Indeed, the letter to the clerk of the court asserted only that “further investigation is required.” The *339 request set forth no facts indicating that other avenues of investigation had been exhausted or thwarted or that it was probable that the record contained information that was both relevant to the investigation and not otherwise available by conventional investigative means. Convenience alone will not justify an unsealing. Moreover, there was no indication of the gravity or circumstances of the underlying investigation. Finally, the letter by the clerk of the court contained no recital of the papers on which the request was decided (see CPLR 2219). This requirement provides the means by which this court may meaningfully review the basis of the Appellate Division’s exercise of discretion. Given the nature of both the request to the Appellate Division, and the letter of the clerk of that court, it cannot be said that a lawful order issued permitting the unsealing of the record.
The remaining question concerns the relief, if any, to which appellant is entitled. The practice of law is a privilege (see Matter of Capoccia, 59 NY2d 549, 552-553), and while an attorney subject to discipline is entitled to due process (see Matter of Ruffalo, 390 US 544, 550), the protection of the public from the unscrupulous practitioner may interdict relief from certain unfairness that may arise in the course of the imposition of professional discipline (see Matter of Zuckerman, 20 NY2d 430). For example, the passage of a long period of time before the bringing of a disciplinary proceeding may cause detriment to the subject of the proceeding, but it will not necessarily justify dismissal of the complaint (see Matter of Kelly, 23 NY2d 368, 383).
On the facts of this case, however, dismissal of the complaint with prejudice is the appropriate relief. There is no question that appellant suffered a violation of his right to due process by the improper access to the sealed records. This in itself will not necessarily justify a dismissal of the complaint. When this violation is combined with the fact that the proceeding has been carried on for over nine years (during five of which appellant had no notice of its pendency), and that, as the Appellate Division has held, respondent has a “previously unblemished record” and has demonstrated “co-operation and contrition” (95 AD2d, at p *340 350) throughout the proceedings, a dismissal of the complaint is justified and is not inconsistent with the primary concern of protecting the public.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the proceeding should be dismissed.

 That statute, in relevant part, provides:
“§160.50 Order upon termination of criminal action in favor of the accused.
*335 “1. Upon the termination of a criminal action or proceeding against a person in favor of such person ** * * the court wherein such criminal action or proceeding was terminated shall enter an order * * * directing that: * * *
“(c) all official records and papers * * * relating to the arrest or prosecution * * * on file with * * * any court, police agency, or prosecutor’s office be sealed and not made available to any person or public or private agency; and
“(d) such records shall be made available to the person accused or to such person’s designated agent, and shall be made available to (i) a prosecutor in any proceeding in which the accused has moved for an order pursuant to section 170.56 or 210.46 of this chapter, or (ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it”.