OPINION OF THE COURT
Felice K. Shea, J.
On this motion by the Police Commissioner of the City of New York for an order pursuant to CPL 160.50 (1) (d) (ii), the court must decide whether records of a dismissed criminal proceeding against a police officer should be unsealed for use at his departmental disciplinary hearing. The New York City Police Department, on behalf of the Commissioner, seeks all official records and papers including Grand Jury materials and the files of the New York State Special Prosecutor.
Police Sergeant Patrick M. was indicted September 22, 1982 on two counts of official misconduct in violation of Penal Law § 195.00 (1), (2). On October 1, 1985, this court dismissed the charges against defendant upon the representation of the Special Prosecutor that the prosecution was unable to prove a *697 prima facie case at trial. Pursuant to CPL 160.50 (1) (c), the court directed that the official records and papers in this matter be sealed.
The Police Department has lodged charges and specifications against defendant Patrick M. arising from acts alleged in the indictment and contends that an unsealing order is required so that the records of the criminal action may be used at the pending administrative disciplinary proceeding. Defendant opposes the application on the grounds that the Police Department lacks statutory standing to request unsealing of his criminal record, and further, that movant has not demonstrated that justice requires unsealing.
CPL 160.50 provides in pertinent part:
"1. Upon the termination of a criminal action or proceeding against a person in favor of such person * * * the court * * * shall enter an order * * * directing that * * *
"(c) all official records and papers, including judgments and orders of a court * * * relating to the arrest or prosecution * * * on file with the division of criminal justice services, any court, police agency, or prosecutor’s office be sealed and not made available to any person or public or private agency; and
"(d) such records shall be made available to the person accused or to such person’s designated agent, and shall be made available to (i) a prosecutor in any proceeding in which the accused has moved for an order pursuant to section 170.56 or 210.46 of this chapter, or (ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it, or (iii) any state or local officer or agency with responsibility for the issuance of licenses to possess guns, when the accused has made application for such a license, or (iv) the New York state division of parole when the accused is on parole supervision as a result of conditional release or a parole release granted by the New York state board of parole, and the arrest which is the subject of the inquiry is one which occurred while the accused was under such supervision, or (v) any prospective employer of a police officer or peace officer * * * in relation to an application for employment as a police officer or peace officer; provided however, that evey [sic] person who is an applicant for the position of police officer or peace officer shall be furnished with a copy of all records obtained under this paragraph and afforded an opportunity to make an explanation thereto.” (Emphasis supplied.)
*698 Defendant contends first that the New York City Police Department is not a "law enforcement agency” within the meaning of CPL 160.50 (1) (d) (ii) when it moves for unsealing in furtherance of departmental disciplinary proceedings. Defendant takes the position that the Police Department, in seeking to discipline him, is pursuing a civil punishment in its capacity as employer, and that the Police Department can be a "law enforcement agency” under the statute only when it is performing its principal work of apprehending criminals. The Police Commissioner responds that the Police Department is a "law enforcement agency” within the plain meaning of the statute when it requests sealed records for use at a departmental hearing. Both parties claim to be supported by relevant case law and by their reading of the intent of the Legislature.
"The primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a].) CPL 160.50 is directed at protecting an accused person from the adverse effects of an arrest record when the result of criminal charges is exoneration. (Matter of Anonymous, 95 AD2d 763; Matter of Robert S., 123 Misc 2d 225; Governor’s memorandum, 1976 NY Legis Ann, at 408.)
That the Legislature is concerned with protecting the accused cannot be doubted.[2] An examination of CPL 160.50 reveals, however, that coupled with the concern of the Legislature for the rights of an exonerated accused is a concern for protection of the public. Under CPL 160.50 (1) (d) as enacted in 1976,[3] sealed records were to be made available to a prosecutor when the accused moved for an adjournment in contemplation of dismissal of a marihuana charge; to a law enforcement agency upon a showing that justice requires disclosure; and to a gun licensing agency when the accused has made application for a gun license. In 1981, the statute *699 was amended[4] to add an exception making sealed records available to the New York State Division of Parole when the arrest occurred while the accused was under parole supervision. In 1985, CPL 160.50 was further amended[5] to permit employers of police officers to have access to criminal records of exonerated applicants and to consider those records in making employment decisions.
CPL 160.50 (1) (d) (ii) is available to "a law enforcement agency upon ex parte motion”.[6] When unsealing is sought by the police or a prosecutor in furtherance of a criminal investigation, an ex parte application is appropriate since notice might compromise the investigation. On the other hand, a motion to unseal when no criminal investigation is in progress ought to be made on notice. (See, People v Blount, 116 Misc 2d 975.) The provision for an ex parte motion by law enforcement agencies lends weight to defendant’s argument that "law enforcement agency” was intended by the Legislature to have a restricted meaning.
Moreover, the statute, when read as a whole, supports the interpretation urged by defendant. If "law enforcement agency” under CPL 160.50 (1) (d) (ii) conferred standing on the police to move for unsealing while acting in all capacities, those portions of CPL 160.50 (1) (d) which give the police access to sealed records for specific purposes would be superfluous. Such an intent should not be imputed to the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 97, 144; Matter of Report of August-September 1983 Grand Jury, Suffolk County, 103 AD2d 176, 183.)
It might appear inconsistent for the Legislature to permit the Police Department access to sealed records for the purpose of deciding whether to hire an applicant, and to withhold statutory standing when the records are sought for use in a disciplinary proceeding to determine whether a police officer should be permitted to continue service on the police force. However, any possible omission in the statutory scheme can be remedied only by the Legislature.[7]
There appears to be no decisional law addressing the issue *700 of whether the Police Department is acting as a "law enforcement agency” when it seeks records pursuant to CPL 160.50 (1) (d) (ii) in aid of a departmental disciplinary proceeding. However, there are decisions dealing with related questions which offer guidance.
In a case where the District Attorney moved pursuant to CPL 160.50 (1) (d) (ii) to unseal records for the purpose of belatedly perfecting an appeal, the court refused to entertain the motion ex parte and determined that the prosecutor was not a "law enforcement agency” within the purview of the statute. (People v Blount, 116 Misc 2d 975, supra.)
Where access to sealed records has been sought by other disciplinary bodies, the "law enforcement agency” exception in the statute has not been applied. In Matter of Attorney-General of State of N. Y. (101 Misc 2d 36), the Attorney-General moved ex parte for sealed Grand Jury testimony in aid of an investigation by the State Office of Medical Professional Conduct into misconduct by doctors. The court denied access under its inherent discretionary power, thus impliedly determining that there was no statutory basis for the motion.[8]
The attorney discipline cases provide the closest parallel to the facts at bar. The proper administration of justice requires the highest standards of conduct from attorneys who practice law in our courts. Nonetheless, the Court of Appeals has held that an attorney disciplinary committee does not come under the "law enforcement agency” exception in the statute and generally is not entitled to access to sealed records for use in attorney disciplinary proceedings. (Matter of Dondi, 63 NY2d 331, 338; Matter of Hynes v Karassik, 47 NY2d 659.)
In this court’s view, the Police Department does not come under the "law enforcement agency” exception to CPL 160.50 *701 when it seeks access to sealed records for use in departmental disciplinary proceedings. A significant effect of this holding is that motions to unseal records in aid of police departmental charges may not be made ex parte. However, the Police Department’s lack of standing to seek unsealing pursuant to CPL 160.50 (1) (d) (ii) under the circumstances at bar is not dispositive of the motion. Courts have an inherent power to unseal their records when justice demands whether or not there is specific statutory underpinning.
The power to seal records is widely recognized and "grows out of that measure of discretionary authority courts enjoy with respect to their own records” (Matter of Hynes v Karassik, 47 NY2d 659, 664, supra, and authorities cited therein). The same logic has been recognized as conferring the power to unseal upon courts in extraordinary circumstances to serve fairness and justice. (Matter of Hynes v Karassik, 47 NY2d 659, 664-665, and at p 665 [Jones, J., concurring], supra; Matter of Dondi, 63 NY2d 331, 338, supra; People v Joseph W. F., 111 Misc 2d 752, 763.) While the inherent right to unseal is acknowledged, it has been exercised rarely. (See, e.g., Matter of State Commn. on Judicial Conduct, 108 Misc 2d 800.)
It is possible that the standard is more stringent when the request to unseal is addressed to the court’s inherent power. The Court of Appeals has suggested that the exercise of the inherent judicial power to unseal be limited to "rare * * * and * * * extraordinary circumstances” (Matter of Hynes v Karassik, 47 NY2d 659, 664, supra) and "only upon a compelling demonstration * * * that without an unsealing of criminal records, the ends of protecting the public * * * cannot be accomplished.” (Matter of Dondi, 63 NY2d 331, 338, supra.) CPL 160.50 (1) (d) (ii) merely requires that a "law enforcement agency” demonstrate "to the satisfaction of the court” that "justice requires” access.
If the information sought in sealed court records is readily available from another source, then the requesting agency will have failed to demonstrate need under either the statutory standard or the common-law standard. Defendant argues that the Police Department’s allegations of need are conclusory and that the records of a criminal matter cannot be relevant to a civil disciplinary hearing which adjudicates property rights. Defendant asserts that the courts have found that the interests of justice were not implicated when criminal records were sought for use in disciplinary proceedings involving *702 surgeons, West Point cadets and lawyers. Lastly, defendant submits a detailed history of defendant’s employment record, family status, military service, educational achievements and civic service.
Movant points out that the prosecution of defendant has been in the hands of the Special Prosecutor for more than three years and no evidence, other than the sealed records, is available. The Police Department states that it cannot conduct a disciplinary proceeding with only the information available to it. Moreover, it is submitted that an investigation undertaken at the present time would be futile because the recollection of witnesses is stale and some have been convicted of related crimes and thus are not disposed to cooperate with the police. The defendant does not deny that the Police Department played no role in the investigation of this matter.
The Police Department has met its burden, whether measured by statute or common law, of demonstrating that justice requires access to all records (except Grand Jury minutes) of this dismissed criminal matter for the limited purpose of use in a departmental disciplinary proceeding. The Police Department is responsible for protecting the public from crime and, to discharge this duty, it must ensure that police officers are able to enforce the law. Corrupt conduct on the part of a police officer may impair his or her ability to serve the interests of the public. The underlying facts of a criminal prosecution, even when it ended in dismissal, may be necessary to the conduct of a departmental disciplinary hearing.
The court concludes that the court records and file of the Special Prosecutor are essential to the investigation and conduct of the departmental disciplinary proceeding against Sergeant Patrick M. In Matter of Dondi (63 NY2d 331, supra), Matter of Hynes v Karassik (63 AD2d 597), People v A. (99 Misc 2d 295), and Matter of Attorney-General (101 Misc 2d 36, supra), applications were denied on the ground that justice did not require unsealing. The critical consideration underlying this conclusion was the availability of the information sought from other sources.[9] Here the facts show that the information sought is not otherwise available.
*703 Defendant’s arguments are not persuasive. Movant’s allegations of need are not disputed and are specific. Defendant’s claim that the records are irrelevant to the performance by the Police Department of a civil function is ill founded. It is a distortion to argue that only pension or property rights are at stake between the Department and the officer. To the contrary, the State has a profound interest in protecting itself from unfit police officers and in a disciplinary system that assures high standards of integrity and honesty by police officers. Lastly, the good record and achievements in other areas of the officer’s life are not a consideration on a motion to unseal records where the merits of the disciplinary proceeding are not before the court.
The request to unseal and make available to movant the Grand Jury minutes requires separate consideration. In addition to the sealing statute which protects Grand Jury minutes as part of an official court record,[10] there is a strong historic policy in favor of Grand Jury secrecy defended by the Legislature and the courts. (See, CPL 190.25 [4]; Judiciary Law § 325 [1]; § 330; Penal Law § 215.70; Levine v United States, 362 US 610, 618; Pittsburgh Plate Glass Co. v United States, 360 US 395, 399; Matter of District Attorney of Suffolk County, 58 NY2d 436, 442; People v Di Napoli, 27 NY2d 229.) In common with the sealing statute, confidentiality of Grand Jury proceedings satisfies the objective of protecting the reputations of innocent people. Secrecy of Grand Jury proceedings serves also to ensure the independence of Grand Juries, to encourage prospective witnesses to testify freely, and, in addition, to prevent flight of the accused, destruction of evidence, and tampering with witnesses at trial. (United States v Proctor & *704 Gamble, 356 US 677, 681; Matter of District Attorney of Suffolk County, 58 NY2d 436, 444; People v Di Napoli, 27 NY2d 229, 235, supra.) The secrecy accorded Grand Jury testimony thus plays a vital role in promoting law enforcement and preventing crime.
Nonetheless, the secrecy of Grand Jury minutes is not absolute. A witness before the Grand Jury may disclose his own testimony. (CPL 190.25 [4].) The courts may direct inspection in aid of proceedings, criminal or civil, to protect the rights of the public. (People v Di Napoli, 35 AD2d 28, 30-31, affd 27 NY2d 229, supra.) For example, a witness may be impeached in a subsequent trial by contradictory testimony given before the Grand Jury (8 Wigmore, Evidence § 2363, at 737 [McNaughton rev 1961]; People v Di Napoli, 27 NY2d 229, 237, supra; Marinelli v State of New York, 71 Misc 2d 62) and in a proper case, the court may order the release of Grand Jury minutes for the purpose of leading a hostile witness or to refresh a witness’ recollection. (Jones v State of New York, 79 AD2d 273.)
In order to overcome the presumption of confidentiality of Grand Jury proceedings, there must be a threshold showing of compelling and particularized need for access. When this preliminary requirement is met the court will then balance the interest in disclosure against considerations justifying secrecy and direct disclosure if the former outweighs the latter. (Matter of District Attorney of Suffolk County, 58 NY2d 436, 444, supra; accord, Matter of U. S. Air for Disclosure of Grand Jury Testimony [Salanger], 97 AD2d 961; Ruggiero v Fahey, 103 AD2d 65, 68; for discussion of a similar Federal standard, see, United States v Setts Eng., 463 US 418, 443.)
Here, there has been no showing by the Police Department that records other than the Grand Jury minutes are inadequate to provide the information it needs. Nor was the application addressed to the testimony of named witnesses. In short, movant has not made a strong showing of particularized need for the Grand Jury minutes nor an effort to minimize the invasion of secrecy by structuring the request. The Grand Jury minutes should not be disclosed on the present record.
Accordingly, the motion is granted to the extent that all court records and all records in the hands of the Special Prosecutor including tape recordings but excluding Grand Jury materials are to be made available to movant for use at *705 departmental disciplinary proceedings and for no other purpose.

. See also, CPL 160.60 which declares that after termination of a criminal action in favor of an accused, the arrest and prosecution is a nullity, the accused is restored to his prearrest legal status, and "[t]he arrest or prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling”; and see, Executive Law §296 (16) which provides that except where statutorily authorized, no one is entitled to inquire or act upon a criminal accusation terminated in an accused’s favor with respect to the licensing or employment of that individual.

. L 1976, ch 877, § 1.

. L 1981, ch 122, § 1.

. L 1985, ch 208, § 1. Executive Law § 296 (16) was conformed, L 1985, ch 208, § 2.

. Although the statute permits an ex parte application, this motion was made on notice to defendant.

. A noted commentator has suggested that "[t]he exceptions as to persons or entities not bound by or released from the sealing safeguard has *700 proved to be too narrow. For example, unavailability of such data to sensitive licensing (the Bar), elective or appointive (the Bench) or security agencies, where the underlying facts of a criminal prosecution, even if favorably terminated for the defendant, are still very relevant arid often critical, would appear to be too restrictive.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 160.50, p 427.)

. In People v A. (99 Misc 2d 295), relied upon by defendant, a lower criminal court granted a motion by defendant to seal the records of a dismissed marihuana charge and stated that the sealed records could not be used at any disciplinary proceeding which might be brought by the United States Military Academy, the Department of the Army, or any Federal agency. However, the case did not decide what agencies had standing to move for unsealing or for what purpose and, therefore, does not advance our inquiry.

. Until recently, the courts preserved the confidentiality of sealed records without hamstringing the disciplinary authority by holding that tape recordings made while investigating a criminal action of conversations between the accused and an undercover agent were not "official records” within the statutory phrase "all official records and papers” and thus not part of the sealed record. (See, e.g., Matter of Anonymous, 95 AD2d 763, 764; *703 Matter of Hynes v Karassik, 63 AD2d 597, 598, affd 47 NY2d 659.) In 1984, in an attorney disciplinary case, the Court of Appeals characterized the mandate of CPL 160.50 as "broad and inclusive” and stated that it "should be read to include a tape recording that was integral to both appellant’s arrest and his prosecution.” (Matter of Dondi, 63 NY2d 331, 337-338.) Under constraint of Dondi, the tapes in this case are deemed covered by the sealing order and cannot be made available to movant unless the court records are unsealed. The unavailability of tapes herein makes compelling the Police Department’s argument for the necessity of unsealing.

. Grand Jury minutes must be deemed "official records and papers” within the meaning of CPL 160.50 (1) (c). The broad interpretation given to this statutory language by the Court of Appeals in Matter of Dondi (63 NY2d 331, 337-338) has dispelled any doubt as to its inclusiveness. (Accord, Matter of Attorney-General of State of N. Y., 101 Misc 2d 36, 40.)