*206 OPINION OF THE COURT
Edward M. Davidowitz, J.
Defendant is charged with robbery in the first degree, robbery in the second degree (two counts) and grand larceny in the third degree. On May 7, 1986, he testified under a waiver of immunity before another Grand Jury concerning unrelated crimes. The charges were dismissed and the minutes sealed (CPL 160.50).
The People allege that the events which were the subject of that proceeding occurred "within hours” of the incident that supports the current indictment. Accordingly, they move to unseal the minutes so that defendant’s testimony can be used to impeach him if he testifies in this case and offers an alibi which is inconsistent with "his testimony [before the first Grand Jury] concerning his actions and whereabouts at approximately the same date and time”.
The defendant opposes the motion. He argues that public policy in general protects an accused who is later exonerated of criminal charges from adverse consequences resulting merely from an accusation.
The Grand Jury minutes were sealed .pursuant to CPL 160.50, which provides that upon termination of a criminal action in one’s favor — including dismissal of the charges and acquittal, for example (see, CPL 160.50 [2]) — all official records and papers, including the Grand Jury minutes (see, Matter of Attorney-General of State of N Y, 101 Misc 2d 36, 40) relating to the arrest or prosecution of that charge, be sealed. The sealing statute is intended to insure that "one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation” (Matter of Hynes v Karassik, 47 NY2d 659, 662 [1979]), or, as in this case, to protect one from unfounded accusations, if, in fact, no indictment is returned (see, People v Gallina, 110 AD2d 847; Matter of Anonymous, 95 AD2d 763; Matter of Robert S., 123 Misc 2d 225).
That rule of secrecy, however, is not absolute (see, Matter of Hynes v Karassik, supra). For example, the CPL provides for disclosure of sealed materials to prosecutors, and law enforcement agencies, and the purposes for which their applications will be granted (CPL 160.50 [1] [d]; 170.56, 210.46). None of those narrowly defined exceptions support the People’s application herein.
Nevertheless, when circumstances arise "in which sealed *207 records must be unsealed in order to serve fairness and justice”, courts may order unsealing (Matter of Hynes v Karassik, supra, at 664). That authority, however, should be exercised rarely and "only upon a compelling demonstration * * * that without an unsealing of criminal records, the ends of protecting the public * * * cannot be accomplished” (see, Matter of Dondi, 63 NY2d 331, 338), and that the interests in disclosure outweigh considerations justifying secrecy (see, Matter of District Attorney of Suffolk County, 58 NY2d 436, 444). Finally, if the information sought in sealed court records is readily available from other sources (see, Matter of Attorney-General of State of N. Y., 101 Misc 2d 36, 40, supra; Matter of Hynes v Karassik, supra), then the petitioner will have failed to demonstrate that overriding need: "[convenience alone will not justify an unsealing” (Matter of Dondi, supra, at 339).
Traditionally, applications to unseal records of criminal proceedings have been made where the underlying incident may provide the basis for a civil action or proceeding (see, Lott v Great E. Mall, 87 AD2d 978; Matter of Ryan v Manhattan & Bronx Surface Tr. Operating Auth., 120 Misc 2d 524; Maxie v Gimbel Bros., 102 Misc 2d 296) or for related investigations by government agencies, such as professional disciplinary groups and legislative committees (see, Matter of Dondi, 63 NY2d 331 [1984], supra; Matter of Hynes v Karassik, supra; Matter of Anonymous, 95 AD2d 763, supra; People v Neuman, 104 Misc 2d 324; People v Doe, 103 Misc 2d 524).
The People, on the other hand, request the Grand Jury minutes to impeach defendant in a subsequent, unrelated criminal proceeding. That distinguishing feature, however, does not forbid the People’s application. If minutes are unsealed, they may be used for the purpose of impeaching a witness in a subsequent trial pursuant to court order (CPL 190.25 [4]; see also, People v Di Napoli, 27 NY2d 229; Matter of Police Commr. of City of N. Y, 131 Misc 2d 695; Marinelli v State of New York, 71 Misc 2d 62).
However, the People failed to demonstrate a current, compelling need for the minutes, since there is no evidence at this time that defendant will testify, and that he will interpose an alibi inconsistent with his prior Grand Jury testimony. Therefore, the motion to unseal is denied as premature, with leave to renew if, after having served a demand on defendant, the People receive a notice of alibi for the trial (see, CPL 250.20). In that event, the court will inspect the minutes in camera *208 and determine whether they may assist the People in cross-examination and should be disclosed.
The last two paragraphs of the affirmation in opposition to the People’s motion ask the court to "direct” the People to give defense counsel a transcript of defendant’s Grand Jury testimony; a letter from counsel to the court, which points out that the court failed to address that application, refers to this request as a "cross motion”. The application is denied.
In the first place, CPLR 2215, which applies to criminal proceedings by custom and practice, provides that cross motions may be made by serving a notice of cross motion upon the moving party three days before the principal motion is to be heard. That was not done in this case.
Second, since the court denied the People’s motion to unseal defendant’s Grand Jury testimony, their access to the minutes continues to be barred, and the court cannot at this point direct them, pursuant to CPL 240.20 (1) (b), to .give that testimony to defense counsel.