OPINION OF THE COURT
George B. Ceresia, Jr., J.
Upon motion of the court, on notice to the People and the defendant, the court is to determine whether defendant is entitled to and should be granted a seal and expungement order pursuant to CPL 160.50.
Defendant, along with two codefendants, was indicted, and on September 11, 1990, arraigned in Rensselaer County Court on the felony charge of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Subsequently, the District Attorney and the defendant agreed that the underlying facts which could be proven by the People did *548 not support the indictment charge but would constitute the misdemeanor offense of conspiracy in the fifth degree (Penal Law § 105.05 [1]). As a result thereof and by agreement of the parties, the District Attorney moved in the interest of justice to dismiss the indictment against defendant, and such motion was granted. The District Attorney then filed a prosecutor’s information against defendant on the conspiracy charge in local criminal court. The defendant pursuant to the same agreement of the parties pleaded guilty to the charge, and was sentenced thereon.
The issue before the court is whether the dismissal of the indictment herein in the interest of justice (CPL 170.30, 170.40) is a termination of the criminal action in favor of the defendant, such that defendant is entitled to a seal and expungement order pursuant to CPL 160.50.
Subdivision (2) of CPL 160.50 states that
"a criminal action or proceeding against a person shall be considered terminated in favor of such person where * * *
"(b) an order to dismiss the entire accusatory instrument against such person pursuant to section 170.30 * * * of this chapter * * * was entered” (emphasis supplied).
Since the entire indictment in this case was dismissed by order pursuant to CPL 170.30, it would seem at first blush, that the court is mandated to grant the seal and expungement order.
Moreover, while it is well recognized by the courts that a prosecution is not terminated in favor of the defendant when there is a conviction of a lesser included felony or misdemeanor, that is not the situation here. Defendant’s plea in local criminal court was not to a lesser included offense of the indictment charge.
However, it is clear that granting such an order in this case would violate the intent of the statute. CPL 160.50 was enacted by the Legislature in 1976 so that defendants who had been the subjects of unsuccessful prosecutions could have the stigma of criminal prosecution lessened by having fingerprints, photographs and the like expunged from official records, and the remaining records sealed (Matter of Hynes v Karassik, 47 NY2d 659; Matter of Anonymous, 95 AD2d 763; Matter of Robert S., 123 Misc 2d 225; Matter of Wayne M., 121 Misc 2d 346).
To protect against automatic seal and expungement orders which are contrary to the spirit of CPL 160.50, the Legislature *549 in 1977 amended the section so that, upon proper notice to the People and the defendant and upon statement of its reasons for so doing, a court could refuse to grant the seal and expungement order (CPL 160.50 [1]).
Thus, what the Legislature gaveth in subdivision (2) (b), it has in subdivision (1) allowed the court, when justice so dictates, to taketh away.
In this case, the defendant was convicted in local criminal court of a misdemeanor predicated on the same underlying facts which were the basis for the indictment charge in this court. It cannot be said that the action or proceeding terminated in favor of the defendant.
The order pursuant to CPL 160.50 is denied.