■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BENJAMIN SHERMAN, Respondent. [808 NYS2d 754]—

Appeal by the People from a purported order of the Supreme Court, Kings County (Garry, J.), dated January 7, 2003, which granted the defendant's motion to dismiss the indictment in furtherance of justice.

Ordered that the appeal is dismissed.

On January 7, 2003, the Supreme Court orally granted the defendant's motion to dismiss the indictment in furtherance of justice (see CPL 210.40), stating, in pertinent part, "indictment is dismissed. This constitutes the decision and order of the court." On the same day, an entry was made in what is commonly referred to as the court's "motion buck sheet" stating, "motion to dismiss granted—dec[ision] and order dictated into record." The People appeal from this purported motion "buck sheet" order.

CPL 450.20 (a) states that an appeal may be taken as of right to the Appellate Division from "[a]n *order* dismissing an accusatory instrument . . . *entered* pursuant to section . . . 210.20" (motion to dismiss or reduce indictment) (emphasis added). While the Criminal Procedure Law does not define what constitutes an order, there is no statutory language which provides for appeals from decisions, transcripts, or notations. Moreover, there is nothing in the motion buck sheet which would indicate that it was intended to be a court order. For example, there is no recital of the papers considered in support of and in opposition to the motion, nor are there are any decretal paragraphs (*see generally Matter of Dondi,* 63 NY2d 331 [1984]). Furthermore, it is significant that the notation on the motion buck sheet specifically states that the "dec[ision] and order [dismissing the indictment had been] dictated into the record." Such language suggests that even the Supreme Court did not consider the motion buck sheet to be a court order.

Thus, contrary to the People's contention, no appeal lies from the dismissal of this indictment as expressed in the motion buck sheet. We note, however, that an appeal may be taken after the entry of an appropriate order pursuant to CPL 210.20. Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.